UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CEDRIC GREENE,<br><br>           Plaintiff<br>vs.<br><br>DIRECT TV, INC.,<br><br>           Defendant. | Case No. 2:16-cv-00735-RFB-NJK<br><br>**ORDER ADOPTING REPORT & RECOMMENDATION OF MAGISTRATE JUDGE NANCY J. KOPPE** |

## I. INTRODUCTION

Before the Court for consideration is the Report and Recommendation (ECF No. 2) of the Honorable Judge Nancy J. Koppe, United States Magistrate Judge. The Report and Recommendation grants Plaintiff's application to proceed *in forma pauperis* and recommends dismissing his Complaint with prejudice. For the reasons stated below the Court adopts Judge Koppe's Report and Recommendation in full.

## II. BACKGROUND

Plaintiff Cedric Greene filed an Application for Leave to Proceed in forma pauperis on April 1, 2016. ECF No. 1. Judge Koppe issued an Order and Report and Recommendation on April 5, 2016. ECF No. 2. Plaintiff filed an objection to Judge Koppe's Report and Recommendation on April 18, 2016. ECF No. 3.

### III. LEGAL STANDARD

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). A party may file specific written objections to the findings and recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Local Rule IB 3-2(a). When written objections have been filed, the district court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Local Rule IB 3-2(b). Plaintiff filed an objection to the Report and Recommendation on April 7, 2016. ECF No. 60. However, the Court has reviewed the record in this case and concurs with the Magistrate Judge's recommendation(s).

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, file to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint is frivolous if it contains "claims whose factual contentions are clearly baseless," such as "claims describing fantastic or delusional scenarios." Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir. 2014) (quoting Iqbal, 556 U.S. at 678). When a court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. See Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995).

## IV.   DISCUSSION

Upon review of the Report and Recommendation, the Court agrees with Judge Koppe's analysis. The federal venue statute requires that a civil action be brought in (1) a judicial district in which any defendant resides, if all defendants reside in the same state where the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b). Further, "[t]he district court of a district in which is filed a case laying venue in the wrong division or district *shall dismiss*, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a) (emphasis added).

Plaintiff brings state law causes of action for false advertisement and breach of contract in a dispute that appears to relate to his cable bill. ECF No. 1-1. The events giving rise to his claim occurred in California; indeed, Plaintiff specifically states that the claim "did not occur within Nevada." Id. at 1-2. Plaintiff has failed to allege any connection of any kind between this case and this District. Instead, it appears that the proper venue for this action is in California and the District of Nevada is not a proper venue for Plaintiff's lawsuit. In his Objection to Judge Koppe's Report and Recommendation, Plaintiff's sole basis for bringing his case in this district is alleged approval by the Nevada State Bar. ECF No. 3. However, this does not provide a legal basis for establishing that venue in Nevada is proper. While the Court may transfer Plaintiff's Complaint to a district in which it could have been brought under Section 1406, the Court notes that Plaintiff has been declared a nuisance and abusive filer in California per his own documentation. See ECF No. 1 at 3; ECF No. 1-1 at 1, 2. Therefore the Court adopts Judge Koppe's recommendation to dismiss on the basis of improper venue.

Further, based on the allegations in Plaintiff's Complaint, the Plaintiff appears to concede this Court's lack of subject matter jurisdiction where he says "a matter of this nature does not rise to the level of Federal Court." ECF No. 1-1. Generally, a federal court only has jurisdiction over (1) "civil actions arising under the Constitution, laws, or treaties of the United States," and (2)

"civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different States." See 28 U.S.C. § 1331; 28 U.S.C. § 1332. If the court determines that it does not have subject matter jurisdiction, it must dismiss the case. Fed. R. Civ. P. 12(h)(3). Based on the allegations in Plaintiff's Complaint, this Court lacks subject-matter jurisdiction over his claims, which are based on state, not federal, law. ECF No. 1-1. Therefore the Plaintiff must demonstrate that his case is properly before the Court on the basis of diversity jurisdiction. However, Plaintiff indicates in his Complaint (ECF No. 1) as well as in his Objection to Judge Koppe's Report and Recommendation (ECF No. 3) that he is a resident of California. He has not indicated the residence of the Defendant. Further, Plaintiff alleges he suffered damages in the amount of $8,000, which is insufficient to invoke diversity jurisdiction. 28 U.S.C. § 1332(a).

Therefore, the Court adopts Judge Koppe's Report and Recommendation in full and dismisses Plaintiff's Complaint with prejudice, as the Court lacks subject matter jurisdiction of the claims plead, and amendment cannot cure the deficiency of improper venue.

V.   **CONCLUSION**

**IT IS THEREFORE ORDERED** that the Report and Recommendation (ECF No. 2) is **ADOPTED in full**.

**DATED** July 13, 2016.

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE

4